UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

May 7, 2012

MEMORANDUM TO COUNSEL

Re:   *Andre Bourgeois v. Live Nation Entertainment, Inc., et al.*
      Civil Action No. ELH-12-58

Dear Counsel:

I have carefully considered the arguments presented by counsel concerning defendants' motions to dismiss (ECF 18, 19, 21) and plaintiff's motion to certify questions of law to the Maryland Court of Appeals, pursuant to the Maryland Uniform Certification of Questions of Law Act ("Certification Act"), Md. Code (2006 Repl. Vol., 2011 Supp.), §§ 12-601 *et seq.* of the Courts & Judicial Proceedings Article ("C.J.") (ECF 25).   As I will explain more fully in a certification order, I am persuaded that it is prudent to certify to the Court of Appeals questions regarding the interpretation of the Baltimore City ordinances at issue in this case: Article 15, Subtitle 21 ("Ticket Agencies"), and Article 19, Subtitle 55 ("Ticket Sales") of the Baltimore City Code.

In accordance with the Certification Act, this Court may certify to the Maryland Court of Appeals a question of law "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling [Maryland] appellate decision, constitutional provision, or statute . . . ."  C.J. § 12-603.   The purpose of the Certification Act "is 'to promote the *widest possible use* of the certification process in order to promote judicial economy and the proper application of [Maryland]'s law in a foreign forum.'"   *Proctor v. WMATA*, 412 Md. 691, 705, 990 A.2d 1048, 1056 (2010) (citation omitted) (emphasis in *Proctor*).

The interpretation of the Baltimore City ordinances will be determinative of many issues in this case.   As both sides acknowledge, there is no reported Maryland precedent interpreting these ordinances or any analogous legislation.   And, in my view, neither side's construction of the ordinances is patently implausible.   As the defense suggests, this Court may be as well equipped as others to apply the well defined principles of statutory construction.   Nevertheless, I decline to do so as a matter of first impression with respect to these ordinances, not out of concern regarding this Court's capabilities, but because of institutional capacity.

Generally, a federal court cannot speak with precedential authority on a matter of *state* law.   Rather, as to an unresolved question of state law, a federal court is "called upon to predict how [the state's highest] court would rule if presented with the issue."   *Private Mortg. Inv. Servs., Inc. v. Hotel & Club Assocs., Inc.*, 296 F.3d 308, 312 (4th Cir. 2002).   In several procedural contexts, the Supreme Court has invoked the principles of federalism and comity, stating: "Needless decisions of state law [by federal courts] should be avoided both as a matter of

comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Certification of a substantial, unresolved question of state law to the state's highest court, where a certification procedure is available and resolution of the question is necessary to the case, "ensur[es] the correct legal outcome, aid[s] in judicial economy, and manifest[s] proper respect for federalism." *Sartin v. Macik*, 535 F.3d 284, 291 n.6 (4th Cir. 2008).

As you know, the parties also dispute whether a cause of action is cognizable for money had and received. In addition to the questions of statutory interpretation posed by plaintiff in ECF 25, I intend to certify to the Court of Appeals a question pertaining to whether a private party may assert a cause of action for money had and received in order to recover sums allegedly charged in violation of the Baltimore City ordinances at issue.

The common law cause of action for money had and received is, in some respects, a relic of Maryland's bygone days of writ pleading (specifically, it was a variety of the writ of assumpsit, which is now often considered to be subsumed within the restitutionary doctrine of unjust enrichment). *See generally Alternatives Unlimited, Inc. v. New Balt. City Bd. of Sch. Comm'rs*, 155 Md. App. 415, 453-82, 843 A.2d 252, 275-291 (2004). Several recent appellate decisions seemed to recognize, albeit in *dicta*, the potential continued vitality of such a cause of action. *See Carter v. Huntington Title & Escrow, LLC*, 420 Md. 605, 24 A.3d 722 (2011); *Benson v. State*, 389 Md. 615, 651-53, 887 A.2d 525, 546-47 (2005); *Dua v. Comcast Cable of Md., Inc.*, 370 Md. 604, 632 n.11 & 636 & 646-47, 805 A.2d 1061, 1077 n.11 & 1080-81 & 1086 (2002); *see also Arthur v. Ticor Title Ins. Co.*, 569 F.3d 154, 160-62 (4th Cir. 2009). Yet, I am unaware of any recent Maryland case squarely holding that such a cause of action can be maintained.[1]

---

[1] In *Benson*, the Court said that a "money had and received count *may* lie" to recover sums collected in violation of a statute, but held that the statute at issue had not been violated. *Benson*, 389 Md. at 553, 887 A.2d at 547 (emphasis added). The courts in *Carter* and *Arthur* rejected the plaintiffs' money had and received claims, which sought recovery of sums allegedly charged in violation of the Insurance Article of the Maryland Code, because the courts held that such claims came within the primary jurisdiction of the Maryland Insurance Administration. The courts seemed to assume that, but for the agency's primary jurisdiction, a money had and received claim might lie. Therefore, it is notable that there does not appear to be an administrative claim procedure under the Baltimore City ordinances at issue here. Indeed, although violations of the ordinances are misdemeanor criminal offenses, *see* Baltimore City Code, Art. 15, § 21-5; *id.*, Art. 19, § 55-1(c)(1), and may also be punishable by civil citation, *see id.*, Art. 19, § 55-1(b-1)(1), the ordinances expressly state that the "issuance of a civil citation to enforce this section does not preclude pursuing any other civil or criminal remedy or enforcement action authorized by law." *Id.*, Art. 19, § 55-1(b-1)(2).

It is also noteworthy that, as defendants observe, the *Carter* Court expressly characterized as *dicta* its discussion in footnote 11 of *Dua* regarding recognition of claims for money had and received as common law causes of action independent of a statutory cause of action. *See Carter*,

Moreover, it is unclear how a cause of action for money had and received based on charges that are legislatively barred is affected by the Court of Appeals's jurisprudence regarding implication of private rights of action.  *See Erie Ins. Co. v. Chops*, 322 Md. 79, 585 A.2d 232 (1991) (adopting four-factor analysis for implication of private right of action from *Cort v. Ash*, 422 U.S. 66 (1975)).  This is especially so given that the legislative provisions at issue here are not state statutes but are Baltimore City ordinances; the Court of Appeals has held that Maryland counties (including Baltimore City) ordinarily lack the power to create private rights of action.  *See McCrory Corp. v. Fowler*, 319 Md. 12, 20, 470 A.2d 834, 838 (1990) ("In Maryland, the creation of new causes of action in the courts has traditionally been done either by the General Assembly or by [the Maryland Court of Appeals] under its authority to modify the common law of this State."); *see also Edwards Sys. Tech. v. Corbin*, 379 Md. 278, 287-94, 841 A.2d 845, 851-55 (2004) (discussing *McCrory*); *H.P. White Lab., Inc. v. Blackburn*, 372 Md. 160, 167-71 812 A.2d 305, 309-11 (2002) (same); *Baker v. Montgomery County*, 201 Md. App. 642, 30 A.3d 267 (2011) (discussing implication of private rights of action), *cert. granted*, ___ Md. ___, 40 A.3d 39 (Mar. 16, 2012); *Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 636-37, 881 A.2d 1212, 1232 (discussing *McCrory*), *cert. denied*, 390 Md. 92, 887 A.2d 656 (2005).

The Certification Act contemplates that the parties should attempt to agree upon a statement of facts to frame the issues presented to the Court of Appeals, and that, "[i]f the parties cannot agree . . . , the certifying court shall determine the relevant facts and state them as a part of its certification order."  C.J. § 12-606.  Accordingly, I ask that the parties confer and submit, within 30 days from the date of this Memorandum, either a joint proposed statement of facts or, if you cannot agree, each side's proposed statement.[2]   In the same submission, I invite defendants' input as to any reformulation of the questions proposed by plaintiff in ECF 25, and both sides' input as to the proper formulation of the question regarding plaintiff's cause of action for money had and received, discussed above.  Of course, I reserve the right to reformulate the statement of facts and/or the questions if, in my view, a different formulation would be more productive to ultimate resolution of the issues.[3]   After I receive your submission(s), I will issue a certification order as soon as practicable.

---

420 Md. at 630-32, 24 A.3d at 737-38.  However, the discussion in *Carter* came in the context of holding that a circuit court could not entertain a money had and received claim where an administrative agency had primary jurisdiction.  The court did not necessarily reject the viability of a money had and received claim where administrative law principles did not apply.

[2] In formulating the statement(s), I ask that you keep in mind the procedural posture of this case and the Fed. R. Civ. P. 12(b)(6) standard.  Although I express no opinion at this juncture as to whether the exhibits and factual assertions outside of the complaint, presented by defendants, would necessitate conversion of the motions to dismiss to motions for summary judgment, it does not appear to me that most, if any, of these extraneous factual matters will be necessary to frame the legal issues for the Court of Appeals.

[3] As you know, under the Certification Act, the Court of Appeals is also entitled to reformulate the questions certified to it.  *See* C.J. § 12-604.

By copy of this Memorandum, I am also notifying the Baltimore City Solicitor of the existence of this case and the issues it presents, in case he is not already aware of them. The Court of Appeals might appreciate the views of the Mayor and City Council of Baltimore, as amicus curiae, in its resolution of the interpretation of the City ordinances.

In sum, I recognize that not all of plaintiff's claims depend on the answers to the questions that will be certified, but the questions are at the heart of the case and impact every count of plaintiff's complaint. In my view, it would be counterproductive to proceed with resolution of other peripheral legal issues or to proceed with discovery until the certified questions are resolved.

Accordingly, defendants' motions to dismiss (ECF 18, 19, and 21) are DENIED, without prejudice to defendants' right to file renewed motions to dismiss, raising the same or similar arguments after answers to the certified questions are received from the Court of Appeals. Moreover, when I issue my forthcoming certification order granting ECF 25, I will stay further proceedings in this case, pending the result of the certification proceeding in the Court of Appeals.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge

cc:   George Nilson, Esq.
      City Solicitor
      Baltimore City Law Department
      100 N. Holliday Street, Suite 101
      Baltimore, MD 21201