IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDRE BOURGEOIS, *Individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 12-cv-00058-ELH |

**PLAINTIFFS' PROPOSED STATEMENT OF RELEVANT FACTS
AND PROPOSED CERTIFIED QUESTIONS OF LAW**

Plaintiffs Andre Bourgeois, for himself and on behalf of a class of all others similarly situated, submit the following Statement of Relevant Facts and Proposed Certified Questions of Law, pursuant to this Court's "Memorandum to Counsel" dated May 7, 2012, and the Maryland Uniform Certification of Questions of Law Act, Md. Code Ann., Cts. & Jud. Proc. §§ 12-601 *et seq.* (2006 Repl. Vol., 2011 Supp.).

The proposed statement of facts has been taken from the Class Action Complaint and Demand for Jury Trial filed in this case. (Doc. #2). Plaintiffs have supplemented the allegations in the complaint with details from the Facility Agreement between the Lyric and Defendant Monumental (Exh. D. to Def. Memorandum in Support of Motion to Dismiss, Doc. #18) only to the extent necessary to give the Maryland Court of Appeals sufficient context in which to analyze the legal questions in a way that will be meaningful for purposes of the present case.

The proposed certified questions of law include only minor changes in wording from the proposed questions submitted by Plaintiffs in their motion (No. 1-3), and a newly-proposed question regarding the common-law claim for money had and received (No. 4).

**PROPOSED STATEMENT OF RELEVANT FACTS**

Andre Bourgeois, for himself and on behalf of a class of similarly situated persons, filed a class action against Lyric Productions, LLC d/b/a Lyric Opera House ("Lyric"), Live Nation Entertainment, Inc., and its licensee Monumental Ticketing Limited Partnership (collectively, "Ticketmaster"). Mr. Bourgeois alleges that Ticketmaster (1) is not licensed to act as a ticket agent for events held in Baltimore City, and (2) systematically charges illegal fees in addition to the advertised established price printed on the ticket. The Complaint alleges violations of two Baltimore City Ordinances: (1) Baltimore City Code Article 15, § 21, and (2) Baltimore City Code Article 19, § 55-1. The Complaint also seeks to recover the alleged illegal fees through the common-law cause of action for money had and received.

The Lyric operates a theater for live performances in Baltimore City. Ticketmaster operates a ticket agency business that sells tickets to events in Baltimore City. The Lyric and Ticketmaster are parties to an agreement (the "Agreement") under which Ticketmaster has the exclusive right to sell tickets by telephone or over the internet to events (except performances of the Baltimore Opera) held at the Lyric. The Lyric, in turn, retains the exclusive right to sell tickets for performances at the Lyric that are purchased in person at the Lyric's box office. Pursuant to the Agreement, Ticketmaster assesses a "service charge" for each ticket purchased by telephone or over the internet in addition to the ticket price. The amount of the service charge is set by Ticketmaster. The service charge is not assessed by the Lyric for in-person ticket sales at the Lyric box office. Pursuant to the Agreement, Ticketmaster pays to the Lyric a substantial portion of the service charge for each ticket sold by telephone or over the internet. (A copy of the Facility Agreement is attached as Exh. 1).

Mr. Bourgeois purchased a ticket over the internet for the Jackson Browne concert held at the Lyric on November 9, 2009. The advertised established price printed on the ticket is $52.00. That price was set and advertised by the Lyric as the price of the ticket, and is the price that would have been charged if the ticket had been purchased at the Lyric box office. The Lyric would not pay any portion of the $52.00 ticket price to Ticketmaster, regardless of the method of sale. Because Mr. Bourgeois purchased the ticket over the internet and not at the Lyric box office, he was charged an additional $12.00 for "service charges," a significant portion of which was paid by Ticketmaster to the Lyric.

### PROPOSED CERTIFIED QUESTIONS OF LAW

1. Whether the exception provision (§21-1(b)) of Article 15, Subtitle 21 of the Baltimore City Code applies to an authorized agent who sells tickets on behalf of a licensed exhibitor at a price that includes: (1) the established price printed on the ticket, and (2) an additional per-ticket service charge, a portion of which is paid back to the exhibitor by the agent, and is not charged as part of the established price for tickets sold directly by the exhibitor.

2. Whether the prohibited conduct provision of Article 19, §55-1 of the Baltimore City Code applies to original sales of tickets to events by an unlicensed ticket agent on behalf of a licensed exhibitor when the sale includes service charges in addition to the established price printed on the ticket.

3. Whether the exception provision (§55-1(b)) of Article 19, §55-1 of the Baltimore City Code allows a seller to charge additional per-ticket service charges in addition to the established price printed on the ticket if the seller is unlicensed under §21-1 of Article 19 of the Baltimore City Code.

4. Whether Maryland law recognizes the common law cause of action for money had and received and, if so, whether a claim for money had and received that seeks to recover money collected in violation of the above-referenced Baltimore City ordinances may be maintained.

Respectfully submitted,

/s/Martin E. Wolf
Benjamin H. Carney (Bar No. 27984)
Martin E. Wolf (Bar No. 09425)
Richard S. Gordon (Bar No. 06882)
GORDON & WOLF, CHTD.
102 W. Pennsylvania Ave., Suite 402
Towson, MD 21204
410-825-2300

*Counsel for Plaintiff and Putative Class*